# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

Marcellus Raynard Brooks,  )  Case No 5:17-cv-1674
)
Petitioner )
)
v. ) **ORDER AND OPINION**
)
Warden Travis Bragg )
)
Respondent. )

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 12) recommending that this Court dismiss Petitioner's habeas petition with prejudice because the shortcomings evident in the pleadings cannot be corrected by amendment. For the reasons set forth below, this Court adopts the R. & R. as the order of the Court. The habeas petition is dismissed with prejudice.

## I. Background and Factual Summary

Petitioner Marcellus Brooks pleaded guilty to being a felon in possession of a firearm and ammunition on October 13, 2009. Petitioner was sentenced to 210 months in prison as an armed career offender under 18 U.S.C. § 924(e) (the Armed Career Criminal Act, "ACCA"). Petitioner's appeal was unsuccessful and he did not file a motion pursuant to 28 U.S.C. § 2255. Petitioner has now filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that he is "legally and factually innocent" of being an armed career offender based on the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). He also claims that some of his previous convictions were improperly used to support his ACCA sentence enhancement based on the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013).

The Magistrate Judge explained that Petitioner's § 2241 Petition is subject to summary dismissal because defendants convicted in federal court are obliged to seek habeas relief through § 2255 unless they are able to satisfy the § 2255 savings clause. (Dkt. No. 12 at 3.) Pursuant to the savings clause, "An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Petitioner did not file a § 2255 motion in this criminal matter, and the time to do so has now expired. (*Id.* at 3-4.) The Magistrate Judge explained that it is settled that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (citations omitted).

The Magistrate Judge also explained that Petitioner cannot satisfy the criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention because Petitioner cannot demonstrate that the conduct for which he was convicted has been deemed non-criminal by any substantive change in the law, and the cases he relies on do not apply retroactively in the Fourth Circuit. (*Id.* at 4-5.) Finally, the Magistrate Judge recommended that Petitioner's habeas petition be dismissed because he has failed to state a valid claim of actual innocence, and the Fourth Circuit has not extended the reach of the § 2255 savings clause to prisoners, such as Petitioner in this case, who challenge only their sentences. (*Id.* at 5.)

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R. & R. to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## III. Discussion

Petitioner has filed timely objections to the Magistrate's R. & R. (Dkt. No. 20.) He claims that he has satisfied the § 2255 savings clause and should be allowed to proceed under § 2241. Although Petitioner has specifically objected to the recommendations in the R. & R., he relies

primarily on precedents from other circuits without addressing the various Fourth Circuit cases that the Magistrate Judge explained preclude him from seeking relief under § 2241. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion."); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (in order to challenge the validity of a conviction or sentence based on new law, a petitioner must show: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law."); *Stewart v. United States*, No. ELH-17-1408, 2017 WL 2361089, at *5 (D. Md. May 31, 2017) (§2255 case collecting cases holding that neither *Descamps* nor *Mathis* is retroactive); *Farrow v. Revell*, No. 13-6804, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (challenge to armed career criminal status not cognizable under § 2241).

Having reviewed these issues *de novo*, the Court has determined that the Magistrate Judge correctly applied the controlling law to the facts of this case. Other district courts in this Circuit have considered claims similar to Petitioner's and reached the same conclusion. *See Brandon v. Wilson*, No. 3:16CV142, 2017 WL 707497, at *5 (N.D.W. Va. Jan. 30, 2017) ("Brandon cannot establish that the conduct for which he was actually convicted, being a felon in possession of a firearm and ammunition, is no longer criminal" so "he is not entitled to proceed under § 2241."); *Stuckey v. Bragg*, No. 517CV01573HMHKDW, 2017 WL 3669618, at *3

(D.S.C. July 31, 2017), *report and recommendation adopted*, No. CV 5:17-1573-HMH-KDW, 2017 WL 3650706 (D.S.C. Aug. 24, 2017) (similar).

## IV. Conclusion

For the reasons stated above, this Court adopts the R. & R. (Dkt. No. 12) as the order of the Court. The habeas petition is dismissed with prejudice.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October _6_, 2017
Charleston, South Carolina